

IN THE U.S. DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MEANITH HUON,** | ) | 09CV7877 |
| | ) | JUDGE MANNING |
| Plaintiff, | ) | MAG. JUDGE SCHENKIER |
| v. | ) | |
| | ) | **Complaint and Jury Demand** |
| | ) | |
| **JOHNSON AND BELL, LTD.,** | ) | |
| **WILLIAM V. JOHNSON,** | ) | **FILED** |
| **WILLIAM G. BEATTY,** | ) | J.N |
| **SCOTT W. HOYNE,** | ) | DEC 2 1 2009 |
| Defendants. | ) | |
| | ) | MICHAEL W. DOBBINS |
| | | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

Plaintiff, Meanith Huon, complaining of the defendant, states and alleges the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to

   Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et. seq.* to remedy discrimination on the basis of race, national origin and/or retaliation.

   and/or

   Section 1981 of Title 42 of the United States Code to remedy discrimination on the basis of race and/or alienage and/or retaliation.

2. Plaintiff, Meanith Huon is a resident of the State of Illinois.

3. On information and belief, defendant, Johnson and Bell, Ltd., is a corporation authorized to do business in the State of Illinois and having its principal place of business there.

4. On information and belief, William V. Johnson is a resident of the State of Illinois.

1

5. On information and belief, William G. Beatty is a resident of the State of Illinois.

6. On information and belief, Scott W. Hoyne is a resident of the State of Illinois.

7. Until on or about January 9, 2008, plaintiff, Meanith Huon was employed by the defendant in the position of attorney.

8. On or about January 9, 2008, defendants, Johnson and Bell, Ltd. and William V. Johnson, discharged plaintiff, Meanith Huon.

9. On or about July 7, 2008, plaintiff filed a charged of discrimination with the Illinois Department of Human Rights.

10. On or about July 7, 2008, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ('EEOC").

11. On September 24, 2009, plaintiff received a right to sue letter from the EEOC. A copy of the right to sue letter is attached as Exhibit "A".

12. Plaintiff has fully complied with all the administrative prerequisites to the jurisdiction of this court by filing a timely charge of discrimination based on race and national origin with the EEOC on July 7, 2008, more than 60 days before this lawsuit was filed.

13. This court has jurisdiction of this action under 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(4), and 42 U.S.C. Section 2000e-5(f)(3).

14. This court has supplemental jurisdiction of the pendant state claim under 28 U.S.C. Section 1328.

15. Compensatory, declaratory and injunctive relief is sought pursuant to 28 U.S.C. Section 2201 and 2202, 42 U.S.C. Section 1981(a) and 42 U.S.C. Section 2000e-5(f)(3).

16. Since the defendants reside in this district and all the unlawful employment practices complained of occurred in this District, venue is proper in this District pursuant to 42 U.S.C. Section 2000e-5(f)(3) and Section 28 U.S.C. Section 1391.

## PARTIES

17. Plaintiff, Meanith Huon, is an Asian-American male, whose national origin is Cambodian.

18. At all relevant time to ths Complaint and before January 9, 2008, plaintiff, Meanith Huon, was employed in varying capacities by defendant.

19. Defendant, Johnson and Bell, Ltd. is an employer within the meaning of Title VII.

20. Defendant, William V. Johnson, is the president of Johnson and Bell, Ltd. and an individual supervisor within the meaning of 42 U.S.C. 1981.

21. Defendant, William G. Beatty, is an individual supervisor within the meaning of 42 U.S.C. 1981.

22. Defendant, Scott W. Hoyne, is a fellow employee within the meaning of 42 U.S.C. 1981.

### FURTHER ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. Plaintiff, meanith Huon, was hired on or about December 1, 2003, by defendant, Johnson and Bell, Ltd. The last position held by plaintiff, Meanith Huon, was attorney.

24. At all times pertinent hereto, plaintiff, Meanith Huon, performed his job in a satisfactory manner.

25. On or about January 9, 2008, plaintiff, Meanith Huon, was terminated by defendant, William V. Johnson, president of defendant, Johnson and Bell, Ltd.

26. There was no legitimate business reason for plaintiff, Meanith Huon's, termination.

27. Plaintiff, Meanith Huon's, job duties were assumed by Caucasian employee(s).

28. By terminating plaintiff, Meanith Huon, defendant, Johnson and Bell, Ltd., and its agents have willfully and intentionally discriminated against plaintiff on the basis of his race and/or national origin.

29. Furthermore, by terminating plaintiff, Meanith Huon's employment, defendant, Johnson and Bell, Ltd. knew and/or showed reckless disregard for the matter of whether its conduct violated the law.

30. As a result of unlawful and willful acts complained of herein, plaintiff, Meanith Huon has suffered loss of employment, wages, benefits, and other compensation.

## FIRST CAUSE OF ACTION - ( DISCRIMINATION BASED ON RACE AND/OR NATIONAL ORIGIN)

31. During plaintiff, Meanith Huon's, employment with defendant, he was treated differently than Caucasian employees in that he did not receive the same responsibilities, work assignments, salary and compensation, promotion, opportunities, commensurate with his years of work experience, despite his satisfactory job performance.

32. During plaintiff, Meanith Huon's, employment with defendant, he was treated differently than Caucasian employees in that he did not receive an opportunity to be placed on probation and to challenge his discharge, despite his satisfactory job performance.

33. During plaintiff, Meanith Huon's, employment with defendant, he was treated differently than Caucasian employees in that he did not receive the same terms, conditions, and privileges of employment.

34. During plaintiff, Meanith Huon's, employment with defendant, he was treated differently than Caucasian employees in that he did not receive the same invitation to partnership, despite his satisfactory job performance.

35. During plaintiff, Meanith Huon's, employment with defendant, he was treated differently than Caucasian employees in that he did not receive the same annual performance evaluations, despite his satisfactory job performance.

36. Plaintiff, Meanith Huon's, job duties and responsibilities have been assumed by a Caucasian employee(s).

37. By the conduct described above, defendant, Johnson and Bell, Ltd., and its agents intentionally discriminated against plaintiff, Meanith Huon, in the terms, conditions, and discharge of his employment because of his race, in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, 42 U.S.C. Section 1981.

38. During plaintiff, Meanith Huon's, employment with defendant, Johnson and Bell, Ltd., he was treated differently than Caucasian employees by the individual defendants in that he did not receive the same terms, conditions, and privileges of employment.

39. All the individual defendants intentionally discriminated against plaintiff, Meanith Huon, in the terms, conditions, and discharge of his employment, because of his

race, in violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981.

40. As a result of defendants' acts, plaintiff, Meanith Huon, has suffered loss of employment, wages, benefits, and other compensation.

## SECOND CAUSE OF ACTION - (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

41. Plaintiff re-alleges and adopts paragraphs 1 through 30 as paragraphs 41 through 70.

72. Plaintiff, Meanith Huon, had a reasonable expectation of entering into a valid business relationship and/or prospective economic advantage with Johnson and Bell, Ltd.

73. Defendants William V. Johnson, William G. Beatty, and Scott W. Hoyne knew of this expectancy.

74. Defendants William V. Johnson, William G. Beatty, and Scott W. Hoyne intentionally and unjustifiedly interfered to prevent the expectancy from being fulfilled.

75. As a result of the interference and acts of the defendants, William V. Johnson, William G. Beatty, and Scott W. Hoyne, plaintiff, Meanith Huon, was terminated and sustained damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Meanith Huon, respectfully requests judgment against the defendants as follows:

1. Declaring that defendants' conduct has violated plaintiff's rights as secured by the aforesaid laws.

2. An order compelling defendant, Johnson and Bell, Ltd., to reinstate plaintiff to the position occupied before his discharge or a comparable position with defendant, together with all seniority, foregone promotions, and other perquisites necessary to plaintiff in the position he would have occupied but for defendant's wrongful conduct.

3. If no comparable position is available, then an award for front pay and all

prospective lost benefits;

4. All backpay, lost benefits, pension benefits, and any other make-whole remedy plaintiff is deemed to be entitled to;

5. Awarding compensatory damages, liquidated and unliquidated damages, on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses as will fully compensate plaintiff for the injuries caused by defendants' discriminatory conduct.

6. Awarding special and punitive damages on each and every cause of action.

7. Awarding back pay and unpaid wages on each and every cause of action.

8. Awarding such other and additional relied as may be necessary to make plaintiff whole on each and every cause of action.

9. Awarding plaintiff his costs and disbursements in prosecuting this action.

10. Enjoining and permanently restraining the alleged violation of law on each and every cause of action.

11. Awarding such other equitable relied as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff, Meanith Huon, demands a jury trial.

December 21, 2009.

_____
Meanith Huon

Meanith Huon
The Huon Law Firm
PO Box 441
Chicago, Illinois 60690
1-312-405-2789

EEOC Form 161 (2/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Meanith Huon<br>3038 S. Canal, 2nd Floor<br>Chicago, IL 60616<br><br>CERTIFIED MAIL 7001 0320 0005 8567 3131 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-02511 | Katarzyna Cychowska,<br>Investigator | (312) 353-7500 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

/s/ John P. Rowe, District Director     9/22/08 (Date Mailed)

Enclosures(s)

cc:   JOHNSON AND BELL, LTD./ CHARLES P. RANTIS/<br>
      WILLIAM V. JOHNSON/ WILLIAM G. BEATTY