**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MEANITH HUON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 7877 |
| | ) | Judge Blanche M. Manning |
| JOHNSON & BELL, LTD., WILLIAM V. | ) | |
| JOHNSON, WILLIAM G. BEATTY, and | ) | |
| SCOTT W. HOYNE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Meanith Huon worked as an attorney at the law firm of Johnson & Bell, Ltd.

until his termination on January 9, 2008.  He believes he was terminated because he is

Cambodian and has sued Johnson & Bell and some of its employees for various civil rights

violations, as well as a state law claim of tortious interference with a prospective business

expectancy.  The defendants have filed a motion to dismiss directed at all of Huon's claims.  For

the reasons that follow, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the complaint and deemed to be true for purposes of

resolving the motion to dismiss.  *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d

323, 326 (7th Cir. 2000).  Plaintiff Meanith Huon began working at Johnson & Bell on

December 1, 2003.  Huon worked in several different capacities during his years at Johnson &

Bell, most recently as an attorney, and according to Huon he always performed in a satisfactory

manner.  Nevertheless, during his employment Huon contends that he was treated less favorably

than white employees.  For instance, he contends that he did not receive the same

responsibilities, work assignments, or salary.  He also alleges that he was never promoted to partner even though he had met his employer's legitimate expectations.  Finally, on January 9, 2008, he was terminated by defendant William Johnson, who is the president of Johnson & Bell. Huon contends that white employees were placed on probation before being terminated, but he was not.  Huon's job was filled by a white attorney.

After his termination, Huon cross-filed a charge of discrimination with both the EEOC and the Illinois Department of Human Rights on July 7, 2008.  He received a right-to-sue letter from the EEOC on September 24, 2009, and filed suit within the 90 days provided under Title VII of the Civil Rights Act of 1964.

After filing his charge of discrimination with the EEOC, but before receiving his right-to-sue letter, Huon filed suit in state court on January 8, 2009, against Johnson & Bell and three of the firm's attorneys, Charles Rantis, William Beatty, and Scott Hoyne.  In his state suit, Huon alleged that Rantis, Beatty, and Hoyne had made false statements about him during performance evaluation discussions held by the firm's shareholders.  The statements consisted of various observations of Huon, such as that he was "incompetent," and comments such as he "requires a higher level of supervision" and "should be working more independently."  Huon alleged that statements were defamatory, and that Rantis, Beatty, and Hoyne had intentionally inflicted emotional distress upon him.  He further alleged that as their employer, Johnson & Bell was vicariously liable for the defamation and intentional infliction of emotional distress.

The state court granted the defendants' motion to dismiss Huon's complaint.  The court concluded that the statements at issue were opinions, were protected by a qualified privilege, and that the statements of Hoyne were further protected by an absolute privilege.  The court also

concluded that Huon had failed to state a claim of intentional infliction of emotional distress because the statements alleged were not extreme and outrageous. Huon appealed the circuit court's dismissal of his amended complaint, which remains pending before the Illinois Appellate Court.

Huon has now filed a two-count complaint in federal court against three of the defendants to his state court proceeding—Johnson & Bell, Beatty, and Hoyne—plus Johnson & Bell president William Johnson. In count I, he alleges that the defendants discriminated against him based upon his race and/or national origin in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as 42 U.S.C. § 1981. In count II, he alleges that the individual defendants tortiously interfered with his prospective economic advantage.

Before the court is the motion to dismiss and/or stay filed by the defendants. In the motion, the defendants contend that both counts I and II should be dismissed because the allegations are inadequately pled. Alternatively, they contend that this court should stay its proceedings because of parallel proceedings in state court.

Additionally, the court directed the parties to file supplemental briefs addressing the applicability of the doctrines of claim splitting and *res judicata* to Huon's claims, which they have done.

## ANALYSIS

I.     **Motion to Dismiss and/or for a Stay Based Upon *Res Judiciata***

Before addressing the arguments raised in the motion to dismiss, the court begins with the issue it directed the parties to address during supplemental briefing: whether the claims brought before this court are barred by the claims he brought in his earlier state proceeding under

the doctrine of *res judicata*.  The defendants assert that the doctrine of *res judicata* may bar

Huon's tortious interference claim because it could have been raised in his earlier state

proceeding.  Huon argues that *res judicata* is inapplicable because the defendants cannot satisfy

any of the doctrine's elements.

The doctrine of *res judicata* bars the litigation of issues that were either actually raised in

a prior proceeding, or that could have been raised.  *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468,

471 (7th Cir. 2007).  Under Illinois law, the doctrine of *res judicata* applies where (1) a final

judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity

of parties or their privies, and (3) there is an identity of causes of action.  *In re Dollie's*

*Playhouse, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007).  This court must apply the doctrine the

same as an Illinois court would had this suit been filed there.  *See Hicks*, 479 F.3d at 471.

Huon argues that the doctrine is inapplicable to the claims he has brought before this

court for three reasons.  First, he contends that the requirement of identical parties cannot be

satisfied.  Although defendants Johnson & Bell, Beatty, and Hoyne were also defendants in the

state court action, defendant William Johnson was not.  However, as president of Johnson &

Bell, William Johnson is in privity with Johnson & Bell.  *See Gann v. William Timblin Transit,*

*Inc.*, 522 F. Supp. 2d 1021, 1029 (N.D. Ill. 2007) ("a corporation is in privity with its sole

shareholder and with its president," citing *Martino v. McDonald's System, Inc.*, 598 F.2d 1079,

1083 n.7 (7th Cir. 1979)).  Therefore, even though Johnson was not a party to the state court

proceeding, he was in privity with one of the parties to that proceeding.  Accordingly, there is an

identity of parties or their privies between Huon's state and federal proceedings.

Page 4

Next, Huon contends that the requirement of an identity of causes of action cannot be satisfied. Specifically, Huon notes that he did not assert his Title VII and § 1981 claims in his state court proceeding. In fact, Huon asserts, the defendants sought to prevent him from raising the issue of discrimination in his state proceeding by asking the state court to strike from his amended complaint all references to the charge of discrimination he cross-filed with the EEOC as irrelevant to his defamation and intentional infliction of emotional distress claims.

However, *res judicata* bars not only claims actually brought in a prior proceeding, but also those that could have been brought. *See Hicks*, 479 F.3d at 471. Thus, to determine whether an identity of causes of actions exists, courts must determine whether the claims in the present action "emerged from the same core of operative facts as that earlier action," known as the transactional test. *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). The transactional test supplants the same evidence test, under which courts examined whether the same body of evidence would sustain the claims in both the earlier and latter proceedings. *See River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998) ("our approval of the transactional test necessitates a rejection of the same evidence test").

Huon's state and federal proceedings arise from the same core of operative facts. Specifically, he asserts in both proceedings that at all times he performed his job in a satisfactory manner. In his state proceedings, he asserts that because he performed satisfactorily, the defendants' performance reviews in which they reported that he performed unsatisfactorily were defamatory and caused him emotional distress. In the instant proceeding, he asserts that because he performed satisfactorily, his termination must have been the result of discrimination, and defendants' reports that he performed unsatisfactorily tortiously interfered with his expectation

of continued employment.  Because the claims arise from the same core of operative facts, an identity of causes of action exists.

Nevertheless, Huon argues that he could not have asserted his Title VII claims in the state proceeding because he had not yet received his right-to-sue letter.  However, the Seventh Circuit has addressed that precise issue and held that a plaintiff cannot rely upon the fact that he has not yet received a right-to-sue letter from the EEOC to escape the effects of *res judicata*.  *See Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (plaintiff awaiting right-to-sue letter from EEOC "could have delayed the filing of his first suit or requested that the court postpone or stay the first case. What he cannot do, as he did here, is split causes of action and use different theories of recovery as separate bases for multiple suits.").

Alternatively, Huon argues that the defendants are estopped from asserting *res judicata* as to his Title VII and § 1981 claims because they sought to strike all references to his charge of discrimination from his state court complaint.  Huon's argument is unavailing for two reasons. First, according to the dismissal order entered by the circuit court, the defendants argued only that allegations of a charge of discrimination filed with the EEOC were irrelevant to the defamation and emotional distress claims he filed, not that Huon was prohibited from pursuing discrimination claims in the state proceeding.  Second, the state court did not strike the references from the complaint and, therefore, the allegations were squarely before the state court. Additionally, the court notes that the effect of *res judicata* on Huon's Title VII and § 1981 claims was raised by the court, not the defendants.  Therefore, the defendants have not engaged in the conduct Huon seeks to estop.

Although the elements of identity of parties and causes of action have been satisfied, it is undisputed that the element of finality has not, given that Huon's appeal remains pending. The defendants therefore seek a stay pending the exhaustion of Huon's state court proceedings pursuant to the U.S. Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States* 424 U.S. 800 (1976).

Under the *Colorado River* abstention doctrine, a district court may stay a case pending the completion of a state proceeding if (1) the concurrent state and federal actions are parallel, and (2) the court's review of a number of non-exclusive factors demonstrate the existence of exceptional circumstances. *See Colorado River Water Conservation Dist. v. United States* 424 U.S. 800, 818-19 (1976). Relevant factors include:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of government law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer v. City of South Beloit, Illinois*, 456 F.3d 744, 754 (7th Cir. 2006) (quoting *Caminti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992) (internal quotation marks omitted). No single factor is necessarily determinitive, but rather the weight given each factor turns on the circumstances of the particular case and is left to the discretion of the district court. *See Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157 (7th Cir. 1990).

As the court discussed in its examination of the applicability of the *res judicata* doctrine, Huon's federal and state proceedings arise from the same core set of facts and, therefore, are

parallel. *See Calvert Fire Ins. Co. v. American Mut. Reinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979) (proceedings are parallel if they involve "substantially the same parties . . . contemporaneously litigating substantially the same issues"). Additionally, a review of the relevant factors indicates that exceptional circumstances favor a stay. Specifically, allowing the instant case to proceed would result in piecemeal litigation of some of Huon's claims in state court and other, related claims in federal court. The advanced state of the proceedings in state court, where Huon is currently on appeal, also favors a stay of his federal litigation, where the parties are not yet at issue. Additionally, the state courts of Illinois provided Huon an adequate forum in which he could have brought his Title VII, § 1981, and tortious interference claims, though he chose not to do so.

After the court's careful review of the factors that the court must consider under *Colorado River*, it concludes in its discretion that those factors favor staying the instant proceeding until Huon has exhausted his state proceeding.

## II.    Motion to Dismiss for Failure to State a Claim

Based upon the court's decision to stay further proceedings until Huon has exhausted his state court proceedings, it need not address the alternative arguments for dismissal for failure to state a claim.

## CONCLUSION

The defendants' motion to dismiss and/or for a stay [14-1] is granted to the extent that these proceedings are stayed pending Huon's exhaustion of his state court proceedings. Accordingly, the clerk is directed to place this case on the court's suspense docket. At such time

as the parallel state court proceedings are completed, either of the parties may petition the court

to lift the stay and move this case back to the court's active docket.


ENTER:

DATE: August 26, 2010

Blanche M. Manning
United States District Judge