IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEANITH HUON, | ) | |
|         Plaintiff, | ) | 09 CV7877 |
| v. | ) | |
| | ) | Judge Manning |
| JOHNSON AND BELL, LTD., | ) | |
| WILLIAM V. JOHNSON, | ) | Mag. Judge Schenkier |
| WILLIAM G. BEATTY, and | ) | |
| SCOTT W. HOYNE, | ) | |
| | ) | |
|         Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE HIS PROPOSED FIRST AMENDED COMPLAINT**

Defendants oppose Plaintiff's Motion for Leave to File his Proposed First Amended Complaint. The proposed amendment is futile and prohibited by the operation of Federal Rule of Civil Procedure 15(a).

The Amended Complaint is a transparent attempt to avoid the previously served motion for judgment on the pleadings and the effect of *res judicata*. The Illinois Supreme Court recently denied Huon's petition for leave to appeal the dismissal of his complaint against the Defendants for defamation and intentional infliction of emotional distress. This final judgment bars Huon's current Complaint (Docket No. 1). Huon wants to plead around his dismissed state claims by expanding his Federal claims to a five year period. But this expanded time period runs afoul of the operation of Title VII and the statute of limitations set by Title VII and Section 1981. Additionally, Huon attempts to allege violations of Title VII by individual defendants, a practice not provided for in the statute. Huon's motion for leave to amend should be denied.

## I.  BACKGROUND

On October 24, 2011, Defendants answered Huon's Complaint (Docket No. 45) and on October 31, 2011, Defendants moved for leave to file a motion for judgment on the pleadings. (Docket No. 45). This set off a flurry of activity by Huon.

In his status report submitted to this Court on October 31, 2011 (Docket No. 49), Huon stated that "the pleadings have not closed [and] Mr. Huon seeks leave to file an Amended Complaint." (*Id.*, p.2). No reason was given by Huon for a need to amend. In response, this Court allowed Huon to file a motion for leave to amend by November 15, 2011 (Docket No. 50). The Court instructed that "the motion shall attach as an exhibit the proposed Amended Complaint, and *shall identify the differences* between the Complaint and proposed Amended Complaint." (emphasis added) (Docket No. 50). Huon did not comply fully.

On November 14, 2011, Huon moved to strike Defendants' affirmative defense of *res judicata* as to the current Complaint. (Docket No. 52). Despite the November 14, 2011 motion to strike, which suggested an intent to rest on the current Complaint, the next day, November 15, 2011, Huon moved for an extension to submit his Amended Complaint. (Docket No. 55).

Huon submitted a motion for leave to amend on November 20, 2011. However, he struck that and filed the present Amended Complaint on the evening of November 22, 2011. Huon's latest offering does not plead new causes of action. The latest proposed Amended Complaint pleads additional facts in an attempt to allege a "continuing or recurrent wrong that span (sic) several years from 2003 to 2008 (and was not centered on just one annual performance evaluation)." (Docket No. 63, p. 3). Huon is already responding to Defendants' motion for judgment on the pleadings before Defendants have been granted leave to file it.

A.  Huon's IDHR Charges

On July 8, 2008, Huon filed three charges with the Illinois Department of Human Rights ("IDHR") against Defendant, Johnson & Bell, Ltd., William V. Johnson, Charles P. Rantis and William G. Beatty. Charge No. 2009CN104 was lodged against "William V. Johnson c/o Johnson & Bell, Ltd." (*See* **Exhibit A**). Charge No. 2009CN105 was lodged against "Charles P. Rantis c/o Johnson & Bell, Ltd." (*See* **Exhibit B**). Charge No. 2009CN109 was lodged against "William G. Beatty c/o Johnson & Bell, Ltd." (*See* **Exhibit C**). Each charge contained identical allegations, and alleged that Huon was discharged because of his race, (Charge I and VI in each charge); because of his national origin; (Charge II and VII in each charge); because of his "color, brown" (Charge III and VIII in each charge); because of his age, 37 (Charge IV and IX in each charge), and finally, because of "retaliation" (Charge V in each charge). In each charge, Huon stated that he was "personally aggrieved by a civil rights violation committed on (January 10, 2008)" (*See* Exhibits A-C). [1] Also, in the cover pages for each charge of discrimination, Huon states that **the earliest discrimination occurred on July 1, 2007.** (*See* Exhibits A-C, p. 2 of each exhibit). Those cover pages are notarized and include the following attestation: "I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief." (*Id.*).

The IDHR charges were dismissed by the IDHR because Huon's filing of the charges was outside the 180-day statute of limitations imposed by the Illinois Human Rights Acts. The IDHR also found that Charles Rantis and William Beatty were not Huon's employers and were

---

[1]  This Court may take judicial notice of items appearing in the record of a case. *See General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1996). Huon alleges that he was terminated on January 9, 2008. This Court may take judicial notice that the IDHR proceedings were resolved in favor of Johnson & Bell, Ltd., William V. Johnson, William G. Beatty, and Charles P. Rantis in part because it was established that Huon was terminated on or about October 10, 2007.

3

not liable. Huon cross-filed his charges with the EEOC at the time he filed his IDHR charges, and upon receipt of his right to sue letter from the EEOC, Huon filed the instant action.

  B. <u>Cook County Circuit Court Complaint</u>

On January 8, 2009, Huon filed a Complaint in the Circuit Court of Cook County, and subsequently filed a First Amended Complaint on April 13, 2009 (the "State Court Action") against Johnson & Bell, Charles Rantis, William Beatty, and Scott Hoyne, alleging multiple counts of defamation (including separate defamation counts seeking punitive damages) and intentional infliction of emotional distress based on discriminatory termination. On July 29, 2009, the State Court Action was dismissed pursuant to 735 ILCS 5/2-615 for failure to state a claim. On March 25, 2011, the Illinois Appellate Court affirmed the decision of the Circuit Court. On September 28, 2011, the Illinois Supreme Court denied Huon's petition for leave to appeal the Illinois Appellate Court's decision.

  C. <u>Amended Court Pleadings</u>

In the Amended Complaint currently in front of this Court (Docket 63), Huon expands the facts supporting his charges of discrimination well beyond those identified in his IDHR Charges, attempting to focus on his conditions of employment preceding his termination by five years. Huon's new allegations appear in paragraphs 24 through 56 of the Amended Complaint.

    1. <u>Johnson & Bell, Ltd.'s Diversity Initiative</u>

First, Huon alleges that he, along with other attorneys, was hired to comply with diversity guideline goals "to create the perception of a diverse workplace to generate new business and/or to maintain existing business." (Amended Complaint at ¶ 25).

Huon alleges that he and other minority attorneys "were relegated to performing paralegal or secretarial work, not commensurate with their experience, while their white counterparts were given more responsibilities and better job opportunities." (*Id.* at ¶ 30). Huon

4

alleges that Defendant, Johnson & Bell, Ltd., "had no intention of retaining these attorneys, giving them the same opportunities as their white counterparts, or promoting them to partner." (*Id.* at ¶ 28). The allegations related to Johnson & Bell, Ltd.'s diversity initiative are directed towards the period of December 1, 2003 to January 9, 2008. (*Id.* at ¶¶ 24-32). No mention of these allegations appears in Huon's IDHR charges. These allegations were discussed, however, in Huon's Circuit Court Complaints[2].

### 2. Failure to be Hired into Business Litigation Department

Second, Huon alleges that when he initially interviewed at Johnson & Bell, Ltd., prior to the beginning of his employment starting December 1, 2003 (Amended Complaint ¶ 10), he interviewed with Joseph Marconi for a position in the business litigation department. (*Id.* at ¶ 37). Huon alleges that he was not hired, and instead, "white associate attorneys with less experience and less trial experience than Mr. Huon" were hired. (*Id.* at ¶ 38). Huon alleges that he was "relegated to a department of the Defendant, Johnson & Bell, Ltd. litigating premises liability and automobile accidents." (*Id.* at ¶ 40). These allegations are absent from Huon's IDHR charges.

### 3. Assignment of Paralegal and Secretarial Work

The third group of allegations relates to the assignment of "paralegal and secretarial work not commensurate with [Huon's] years of experience." (*Id.* at ¶ 41). Huon alleges that William Beatty and Charles Rantis assigned him paralegal and secretarial work. (*Id.* at ¶¶ 41-42). Huon alleges that during the entire period of his employment at Defendant, Johnson & Bell, Ltd., he was not given his own caseload and "never given the same opportunities to work on substantive

---

[2] The overlap of operative facts between the instant case and the Circuit Court Case will be the subject of Defendants' motion for judgment on the pleadings -- Huon is aware of this, as all of his submissions directed toward the Court relating to his Amended Complaint seek to avoid the consequences of *res judicata*.

5

assignments as other white associate attorneys at the law firm." (*Id.* at ¶ 43). Huon alleges that other associates received their own caseload where they were responsible for making decisions on substantive matters. (*Id.*) These facts are included in Huon's IDHR charges, as well as his Circuit Court Complaint. These allegations and the IDHR charges mirror the facts alleged in the State Court Action.

### 4. Huon is Passed Up for Partnership

The fourth group of allegations relates to the failure of Huon to obtain partnership at Defendant, Johnson & Bell, Ltd. (*Id.* at ¶¶ 44-47). Huon alleges that he "exceeded his billable hours requirements between 2003 and 2008 and received excellent or good reviews from named partner, John Bell. Mr. Bell advised Mr. Huon that he was on the partnership track." (*Id.* at ¶ 44). Huon alleges that white attorneys with "less years of work experience and/or less civil jury trial experience" were promoted to partner ahead of him. (Amended Complaint at ¶ 45). Similar allegations are contained in Huon's IDHR charges (*See* Exhibits A-C, Charges VIII and XI).

### 5. Alleged Differing Conditions of Employment

The fifth group of allegations relates to supposed differing treatment that Huon suffered, as opposed to similarly situated white associates or partners. Huon alleges that Johnson & Bell, Ltd. and William Johnson maintained a different set of standards for minority attorneys (Amended Complaint at ¶ 47). Huon alleges that prior to his termination he was not placed on probation or reassigned to another partner. (*Id.* at ¶ 50). Mr. Huon identifies two other associates who were placed on probation and reassigned before they were formally terminated. (*Id.* at ¶ 51). These allegations are contained in Mr. Huon's IDHR charges. (*See* Exhibits A-C, Charges VII, ¶¶ 5-6, Charges IX, ¶ 6).

6

Other allegations in his Amended Complaint regarding Huon's employment are not contained in his IDHR charges. Huon alleges that he was terminated on "hearsay statements" told to Scott Hoyne by Mark Johnson, also a partner at Johnson & Bell, Ltd. (Amended Complaint at ¶ 51). Huon alleges that he "was never given an opportunity to be confronted with or to challenge these hearsay statements before he was terminated." (*Id.*). Additionally, Huon alleges that "on information and belief, other white associates have engaged in inappropriate behavior and/or misconduct and were not terminated." (Amended Complaint at ¶ 56). This is the first time these allegations have been pled by Huon.

### 6. Time Alleged in Count I Alleging Discrimination Based on Race and/or National Origin

In Count I, Huon alleges that he was treated differently than Caucasian employees "from on or about December 1, 2003 to on or about January 9, 2008" because he did not receive the same responsibilities (Amended Complaint at ¶ 57). Huon also alleges that "from on or about December 1, 2003 to on or about January 9, 2008" he was treated differently because he was not placed on probation before being terminated and was not allowed to challenge his discharge." (*Id.* at ¶58). Huon alleges that "from on or about December 1, 2003 to on or about January 9, 2008" he did not receive the same terms, conditions, and privileges of employment (*Id.* at ¶ 59). Huon alleges that "from on or about December 1, 2003 to on or about January 9, 2008" he was treated differently because he was not made partner at Johnson & Bell, Ltd.[3] (*Id.* at ¶ 60). Huon alleges that "from on or about December 1, 2003 to on or about January 9, 2008" he was treated differently than Caucasian employees in that he did not receive the same annual performance evaluations, despite his satisfactory job performance. (*Id.* at ¶ 61).

---

[3] Huon alleges that he was passed up for partner for five years in a row. The Court may take judicial notice that in the Circuit Court action, Huon alleges that he was advised in 2007 that he was possibly eligible for partner.

7

## II.   ARGUMENT

Huon tries to avoid judgment on *res judicata* grounds by expanding the duration of his alleged discrimination. But this attempt is in vain. Under Title VII, Huon cannot sue for facts not alleged in his IDHR charges (cross-filed with the Equal Employment Opportunity Commission). Further, under the operation of Section 1981, Huon cannot seek to recover for a violation that pre-dates the four year statute of limitations. Additionally, Huon cannot sue the individual Defendants, (Johnson, Beatty and Hoyne) for violations of Title VII.

The Seventh Circuit urges District Courts to consider whether motions to amend based solely on previously known information are being presented in a desperate effort to protract the litigation and complicate the defense. *See Glatt v. Chicago Park District*, 87 F. 3d 190, 194 (7th Cir. 1996). Defendants submit that Huon's Amended Complaint is just that -- an example of sheer harassment in an overt attempt to protract the litigation. All of the "new" facts are included in a weak attempt to avoid the application of claim splitting, which Defendants will argue in their motion for judgment on the pleadings.

A party may amend his pleadings after a responsive pleading is served only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). A court may deny the motion if it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Here, the amendment would cause undue prejudice and it is a futile exercise. Thus, the action for leave to amend should be denied.

A.  Huon's First Amended Complaint in Futile

The Court is justified in denying an amendment if the proposed amendment cannot withstand a motion to dismiss, as the Federal Rules do not require the Court to indulge in futile gestures. *See Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985), *see also Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

There are three reasons the Amended Complaint is futile. First, it attempts to exceed the facts alleged in the IDHR charges that were cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Second, it seeks to impose individual liability under Title VII, an Act that is universally recognized to apply in the private sector to employers, not individuals. Third, it seeks to add allegations regarding an alleged discriminatory hiring choice that occurred in 2003 (the "failure to be hired" allegations) that are barred by the statute of limitations applicable to both Title VII and Section 1981, as well as the failure to include these allegations in Huon's IDHR charges. Further, all of the allegations that seek to allege discrimination from 2003 to 2008 run afoul of the applicable statute of limitations for Title VII and for Section 1981. Any allegation under Title VII must be limited to facts that occurred within 300 days of July 8, 2008 (the date the EEOC charge was cross-filed), and any allegation under Section 1981 must be limited to facts that occurred within 4 years of December 21, 2009 (the date the instant action was filed).

1.  The Amended Complaint Alleges Facts Not Contained in Huon's IDHR charges

Prior to bringing a lawsuit in Federal Court, a plaintiff claiming unlawful discrimination must exhaust all administrative remedies, including filing a charge of discrimination with the EEOC or authorized state or local agency. *See Teal v. Potter,* 559 F.3d 687, 691 (7th Cir. 2009), *see also Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 687 (N.D. Ill. 2003). A

9

plaintiff may only bring the claims alleged in his IDHR charges unless the additional claims are reasonably related to those previously indicated. If there is no reasonable relation, the Federal Court may not consider those claims. *See Swearingen-El v. Cook County Sheriff's Dep't.* 602 F.3d 852, 864 (7th Cir. 2010); *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination.")

Huon's IDHR charges (which were cross-filed with the EEOC) alleged specific instances of discrimination. Huon's Amended Complaint contains allegations outside the scope of his charge, and accordingly, such allegations are barred under the doctrine of administrative exhaustion. His IDHR charges pertain to his termination, not the conditions of his hiring or employment. The IDHR charges do not mention the "failure to hire" allegations related to his interviewing with the business litigation group. (Amended Complaint ¶¶ 34-40). Further, there is no mention in any of Huon's charges against Defendant Hoyne. Accordingly, Defendant Hoyne cannot be sued under Title VII. *See Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1990) (Holding that a plaintiff cannot sue a defendant under Title VII if that defendant was not included in the IDHR charges, and denying plaintiff's motion to amend under Rule 15).

Huon further violates the dictates of Title VII in the allegations titled "Mr. Huon is Subject to Different Terms and Conditions of Employment." Some of those allegations are included in his IDHR charges, particularly those related to reassignment and probation. (*Id.* ¶¶ 48, 49, 50). Other allegations, however, are nowhere in his charge. Specifically, for the first time, Huon states that he was terminated because of "hearsay statements," and he never was given an opportunity to confront or challenge those statements. (*Id.* at ¶ 51). Huon alleges that Johnson & Bell, Ltd. never properly investigated those statements. (*Id.* at ¶ 52). Finally, Huon alleges that

10

"other white associates have engaged in inappropriate behavior and/or misconduct and were not terminated." (*Id.* at ¶ 56). No mention of these "inappropriate behavior" allegations is included in the IDHR charges.

These allegations are neither reasonably related to the charges in Huon's IDHR charges, nor would the EEOC or other investigative body be reasonably expected to investigate the facts surrounding Huon's initial interview with Johnson & Bell. Accordingly, the Amended Complaint is futile as to the Title VII allegations against Defendants that relate to the new matter plead outside the IDHR charges under the doctrine of exhaustion, including any Title VII charges related to the failure to hire allegations, against Defendant, Scott Hoyne, or related to the investigation of facts leading to Huon's termination.

> 2. The Amended Complaint Alleges Discrimination Claims barred by the Applicable Statute of Limitations

Title VII requires a plaintiff to file charges of unlawful practices with the EEOC or other administrative body within 300 days. 42 U.S.C. § 2005e-5(e)(1). *See* also *Moore v. Vital Products, Inc.*, 641 F.3d 253. For purposes of determining whether a Title VII plaintiff has complied with the statutory time limitations, the Court is to look at whether there is a discrete discriminatory act or a series of separate acts that collectively constitute a hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153, L. Ed. 2d 106 (2002). Section 1981 has a four-year statute of limitations. *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 382-382, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004), *Dandy v. United Parcel Serv. Inc.,* 388 F. 3d 263, 269 (7th Cir. 2004). When it is clear from a Complaint that some claims are barred by the statute of limitations, it may be disposed of on a motion to dismiss. *Baker v. F&F Inv.*, 420 F.2d 1191, 1198 (7th Cir. 1970). By extension, an amendment that would clearly not survive a motion to dismiss should be denied. *See Glatt v. Chicago Park*

*District*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that a motion to amend was properly denied when it was not sufficiently plead).

The "failure to hire" allegations attempt to allege a violation of Title VII and Section 1981 that occurred in 2003. Huon alleges that he was hired on December 1, 2003. (Amended Complaint at ¶ 10). Huon's interview with Joseph Marconi was prior to his employment. (*Id.* at ¶34 -- the "hiring process" alleged was the initial decision to hire Mr. Huon). Huon did not file an IDHR or EEOC charge within 300 days from his initial employment based on the decision not to hire him to the business litigation group. Further, the statute of limitations for an action under Section 1981 based on the failure to hire allegations expired on December 1, 2007 (four years after his hiring). Huon filed the instant case on December 21, 2009. If Huon is given leave to file his Amended Complaint at all, it cannot contain the allegations listed at paragraphs 34 through 40.

        3.      <u>The Individual Defendants are not Proper Defendants to a Title VII Action</u>

A Title VII claim is viable only against an "employer". 42 U.S.C. § 2000e-2(a)(1); *see also Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) (dismissing a Title VII claim against a supervisor in his individual capacity because he was not an employer within the meaning of Title VII). Huon has pled that the individual Defendants violated Title VII (Amended Complaint at ¶ 64). However, a Title VII claim against these individual Defendants is not permitted. *See Jacobeit v. Rich Twp. High Sch. Dist. 227*, 2009 U.S. Dist. LEXIS 110302 (N.D. Ill. Nov. 25, 2009) (dismissing claim against school principal in his official and individual capacity). Count I as it is currently pled against individuals cannot be allowed to be filed, as it is improper under Title VII.

### 4. The Individual Defendants are not Proper Defendants to a Section 1981 Action

In order to state a claim under § 1981, "a plaintiff must: (1) be a member of a racial minority; (2) show that the Defendants intended to discriminate on the basis of race; and (3) show that the Defendants' activities concern the making, performance, modification, or termination of a contract, the enjoyment of the benefits of a contractual relationship, or the conditions of a contractual relationship." *Agnew v. Bd. of Educ.*, No. 97-5993, 1998 U.S. Dist. LEXIS 10195, at *24 (N.D. Ill. July 7, 1998) (Manning, J.) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

Huon has failed to raise his Section 1981 claim against Defendants, Johnson, Beatty, and Hoyne, above the speculative level. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 553-554, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). There are no allegations relating to any intent on the part of an individual Defendant. Moreover, Plaintiff fails to plead how Defendants, Beatty and Hoyne, had any control or even influence over the decision to terminate Plaintiff's employment. To the extent allegations are leveled against Defendant, Johnson, they are encompassed in the State Court Action (and will be the subject of a motion for judgment on the pleadings).

### III.  CONCLUSION

Huon's request to file an Amended Complaint is an improper exercise of futility as new claims of discrimination are barred by the administrative exhaustion doctrine and the applicable statute of limitations. Thus, Defendants ask that the motion for leave to file the Amended Complaint be denied and that Defendants be allowed to file their motion for judgment on the pleadings.

Dated: December 1, 2011                               Respectfully submitted,

                                                      Johnson & Bell, Ltd., William V. Johnson,
                                                      William G. Beatty and Scott W. Hoyne


                                                      By: /s/ Christopher W. Loweth
                                                            Christopher W. Loweth

Joseph R. Marconi
Christopher W. Loweth
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
2872996

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2011, I caused to be served a true and correct copy of Defendants' Opposition to Plaintiff's Motion for Leave to Amend His Complaint upon the following counsel of record by operation of the CM/ECF System of the U.S. District Court for the Northern District of Illinois.

**Meanith Huon**
Huon Law Firm
P.O. Box 441
Chicago, IL 60690
Email: huon.meanith@gmail.com

      /s/    Christopher W. Loweth
           Christopher W. Loweth