IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MEANITH HUON, | ) |  |
|  | ) |  |
| Plaintiff, | ) | 09 CV7877 |
| v. | ) | Judge Manning |
|  | ) | Mag. Judge Schenkier |
| JOHNSON AND BELL, LTD., | ) |  |
| WILLIAM V. JOHNSON, | ) |  |
| WILLIAM G. BEATTY, and | ) |  |
| SCOTT W. HOYNE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSE

Defendants, JOHNSON & BELL, LTD., WILLIAM V. JOHNSON, WILLIAM G. BEATTY and SCOTT W. HOYNE, by and through their attorneys, Joseph R. Marconi, and Christopher W. Loweth, oppose Plaintiff's motion to strike (Docket No. 52). Plaintiff's motion to strike is unfounded and ignores the facts plead in Defendants' affirmative defense.

As a preliminary note, Plaintiff moved to strike "pursuant to Federal Rule of Civil Procedure 12(b)(6)." (Motion, p.1). Rule 12(b)(6) deals with presenting a "defense to a claim for relief in any pleading." Fed. R. Civ. P. 12(b)(6). To the extent an affirmative defense may be struck, it is pursuant to Rule 12(f), which allows that "the Court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). However, when applying Rule 12(f), the Court is to analyze the affirmative defense in the same manner as if reviewing a 12(b)(6) motion.

Contrary to most motions to strike affirmative defenses, Plaintiff's motion is not directed to a minor technical deficiency. Rather, Plaintiff seeks to attack Defendants' motion for judgment on the pleadings based on *res judicata*, which Defendants have sought leave to file.

(*See* Docket No. 46). The doctrine of *res judicata* bars a plaintiff's ability to maintain a suit based on the same set of facts or same transaction that gave rise to a previous suit, which was adjudicated on its merits. *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010). In order to properly claim a *res judicata* defense to a Complaint, the defendant should raise the affirmative defense and then move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Id*. Plaintiff refused to confer regarding this motion and represented to this Court that the motion was unnecessary since he would seek to amend his Complaint. Plaintiff has moved to amend his Complaint (Docket Nos. 60 and 63), but yet still persists with this motion. This Court should deny Plaintiff's motion, grant Defendants leave to file their motion for judgment on the pleadings, and set a briefing schedule on Defendants' motion.

## I.      RELEVANT FACTS

On October 24, 2011, Defendants answered Huon's Complaint (Docket No. 45), which included one affirmative defense - *res judicata*. On October 31, 2011, in accordance with this Court's standing order, Defendants moved for leave to file a motion for judgment on the pleadings. (Docket No. 45). On November 14, 2011, Huon moved to strike Defendants' affirmative defense of *res judicata* as to the current Complaint. (Docket No. 52). This pending motion is part of Huon's ongoing attempt to circumvent Defendants' motion for judgment on the pleadings.

## II.      ARGUMENT

A.      Applicable Standard

Motions to strike affirmative defenses are generally not favored by the Courts. *See Heller Fin. Inv. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Whether a District Court strikes an affirmative defense is up to the Court's discretion. *See Talbot v. Robert Matthews*

*Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). In considering a motion to strike, the Court examines the following -- (i) whether the matter is properly pleaded as an affirmative defense; (ii) whether the affirmative defense complies with Rule 8 of the Federal Rules of Civil Procedure; and (iii) whether the affirmative defense can withstand a challenge under Rule 12(b)(6). *See Ortho-Tain, Inc. v. Rocky Mountain Orthodontics*, *Inc.*, 2007 U.S. Dist. LEXIS 31081 (N.D. Ill., April 25, 2007).

Further, the striking of an affirmative defense is typically a matter of formalism with little or no substantive impact. *Amelio v. Yazoo Manufacturing Co.,* 98 F.R.D. 691, 693 (N.D. Ill. 1983). Affirmative defenses, even if technically inappropriate, cause no real prejudice, and striking them is not worth the time and expense it takes for the parties and the Court to brief and rule on a motion to strike. *See Leon v. Jacobsen Transp.*, 2010 U.S. Dist. LEXIS 123106 (N.D. Ill., Nov. 19, 2010) (Holding that pleading standards described in *Twombly/Iqbal* need not be applied to affirmative defenses).

Plaintiff does not give credence any of the facts or conclusions plead in Defendants First Affirmative Defense. The text of the defense reads as follows:

<u>FIRST AFFIRMATIVE DEFENSE—*RES JUDICATA*</u>

1. On January 8, 2009, plaintiff commenced *Huon v. Beatty et al.*, No. 09 L 173 in the Circuit Court of Cook County (the "State Court Case"), an action against Johnson & Bell, Ltd., William G. Beatty, and Charles P. Rantis for defamation and intentional infliction of emotional distress.

2. On April 13, 2009, plaintiff filed an Amended Complaint, which included allegations against Scott W. Hoyne. The State Court Case involved the same issues and core operative facts related to those issues that plaintiff seeks to litigate herein. On July 29, 2009, the Circuit Court dismissed the State Court Case with prejudice. On March 25, 2011, the Illinois Appellate Court, First District, affirmed the decision of the Circuit Court.

3. On September 28, 2011, the Illinois Supreme Court denied plaintiff's petition for leave to appeal to the Illinois Supreme Court.

4.      Plaintiff's action is barred by the doctrine of *res judicata* in that (i) there is a final judgment on the merits rendered by a Court of competent jurisdiction; (ii) there is an identity of parties or their privies in the instant case and the State Court Case; and (iii) the instant case and the State Court Case involve the same core of operative facts. (*See* Doc. No. 45, p. 9)

Despite the identification of the final judgment, the causes of action addressed in the State Court Case (defamation and intentional infliction of emotional distress), and the identity of parties, Plaintiff dwells only on one portion of the defense and addresses it out of context, stating "Defendants have not adequately pled that the **issue** was already litigated and resolved elsewhere.  Defendants do not even plead the issue itself." (Emphasis in original). (Docket No. 52, p. 2).  Plaintiff discounts Defendants' pleading that "The State Court Case involved the same issues and core operative facts related to those issues that plaintiff seeks to litigate herein." (Docket No. 45, p. 9).

Defendants are not required to restate the facts and issues alleged in the Complaint.  In fact, doing so would be redundant and would be properly subject to a motion to strike.  *See Menchaca v. Am. Med. Response of Illinois, Inc.*, 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998), *see also Winding v. Pier Management Service*, 1997 U.S. Dist. LEXIS 1012 (N.D. Ill. Feb. 4, 1997). As this Court is aware through prior briefing, the facts plead in the State Court Case address Plaintiff's termination and conditions of employment.  Likewise, the facts plead in the instant case address Plaintiff's termination and conditions of employment.

### 1.      Defendants Properly Plead *Res Judicata* as an Affirmative Defense

An affirmative defense is "a reason … why defendants are not liable even if they admit the facts alleged in the Complaint." *Native American Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045.  Rule 8(c) provides a non-exhaustive list of possible affirmative defenses that a party may assert in a responsive pleading.  These defenses include accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy,

duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver. Fed. R. Civ. P. 8(c). Accordingly, Defendants' affirmative defense is recognized by the Federal Rules of Civil Procedure.

        2.    <u>Defendants' Affirmative Defense Complies with Rule 8 and Survives 12(b)(6) Analysis</u>

Rule 8 requires that "the party raising the affirmative defense provide enough facts to place its opponent on notice of the events on which the claim is based." Fed. R. Civ. P. 8. Rule 8(a)(2) requires only that defendant, in pleading its affirmative defenses, state a short and plain statement of defense showing that it is entitled to relief. *Payton v. Rush Presbyterian-St. Lukes Medical Center,* 184 F.3d 623, 626 (7th Cir. 1999). A defendant is not required to "allege all, or any of the facts logically entailed by the claim." *Id.* Specific facts are not necessary, and the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Darnell v. Hoelscher,* 2009 U.S. Dist. LEXIS 112943 (S.D. Ill. Dec. 4, 2009). As in a motion for dismissal under Rule 12(b)(6), the Court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader. *See Reynolds v. S.R.G. Restaurant Group, Chicago, LLC,* 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

Here, Defendants plead the defense of *res judicata* with particularity. *Res judicata,* also known as issue preclusion, prevents a party from re-litigating a claim where (i) there is a final judgment on the merits; (ii) there is an identity of parties or their privies; and (iii) there is similar identity of the causes of action. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). *Res judicata* bars re-litigation of all grounds of recovery which might have been presented in the prior litigation. *See Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955-56 (7th Cir. 1998), *see* also *Carr v. Tillery,* 591 F. 3d 909, 913-914 (7th Cir. 2010).

Defendants plead the existence of a final judgment on the merits -- the dismissal of *Huon v. Beatty et al.*, No. 07 L 173 and the resolution of Huon's appeal to the Illinois Appellate Court and his subsequent petition for leave to appeal to the Illinois Supreme Court. (First Affirmative Defense, ¶¶ 1 and 2). Defendants identified the parties -- Johnson & Bell, Ltd., Scott W. Hoyne, and William G. Beatty. (*Id.*). Defendants alleged that the defamation and intentional infliction of emotional distress claims involved the same issues and core operative facts addressed in the instant case -- namely Huon's termination and terms of employment. Defendants alleged that the same core operative facts are addressed in both actions (*Id.* at ¶ 3). This puts Plaintiff on notice and complies with Rule 8.[1]

Huon's Federal claims stems from his termination and conditions of employment -- the same operative facts giving rise to the State Court Action. They could and should have been raised then. *See Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 2011 U.S. App. LEXIS 19318 * 16-17 (7th Cir. Ill. 2011), citing *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990); *Martinez v. California*, 444 U.S. 277, 283 n.7, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980); *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 639 (7th Cir. 2004).

---

[1] An affirmative defense that fails to comply with Rule 8 is to be dismissed without prejudice to allow defendants to correct the technical deficiency. *See Franklin Capital v. Baker & Taylor Entertainment, Inc.*, 2000 U.S. Dist. LEXIS 5532 (N.D. Ill. April 24, 1995).

WHEREFORE, Defendants respectfully requests this Court deny Plaintiff's Motion to Strike Affirmative Defenses pursuant to Rule 12(f) (improperly stated as Rule 12(b)(6) of the Federal Rules of Civil Procedure) and for such other relief as the Court deems proper. Defendants further request that this Court grant them leave to file their motion for judgment on the pleadings seeking dismissal based on *res judicata*.

Dated: December 1, 2011

Respectfully submitted,

Johnson & Bell, Ltd., William V. Johnson, William G. Beatty, Scott W. Hoyne

By:  /s/ Christopher W. Loweth
        Christopher W. Loweth

Joseph R. Marconi
Christopher W. Loweth
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2011, I caused to be served a true and correct copy of this Defendants' Opposition to Plaintiff's Motion to Strike Affirmative Defense upon the following counsel of record by operation of the CM/ECF system of the United States District Court for the Northern District of Illinois.

**Meanith Huon**
Huon Law Firm
P.O. Box 441
Chicago, IL 60690
Email: huon.meanith@gmail.com

         /s/     Christopher W. Loweth
                   Christopher W. Loweth