# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| MEANITH HUON, | ) |
| Plaintiff, | ) |
|  | ) Case No. 09 CV 7877 |
| v. | ) Judge Blanche M. Manning |
|  | ) |
| JOHNSON & BELL, LTD., *et. al.* | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Meanith Huon worked as an attorney for the defendant law firm, Johnson & Bell, Ltd. He alleges that during his time at Johnson & Bell, he was treated less favorably than white employees and was ultimately fired because of his race and national origin, and in retaliation for reporting the discriminatory treatment. He has sued Johnson & Bell and three of its partners, defendants William V. Johnson, William G. Beatty, and Scott W. Hoyne, for violations of 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964), 42 U.S.C. § 1981, as well as for a state law claim of tortious interference with a prospective business expectancy.

Before the court are two motions filed by Huon. In the first, he seeks leave to file an amended complaint. In the second, he asks the court to strike the affirmative defense alleged in the defendants' answer to his original complaint. For the reasons that follow, (1) the motion for leave to file an amended complaint is granted to the extent specified below, and (2) the motion to strike the defendants' affirmative defense is denied as moot.

**BACKGROUND**

On July 8, 2008, the plaintiff cross-filed three charges of discrimination with the Illinois Department of Human Rights and the EEOC, naming Johnson & Bell as a respondent, along with Johnson, Beatty, and another partner, Charles Rantis. (Because the charges are virtually identical and for convenience, the court will treat them collectively as a single charge of discrimination filed with the EEOC). In the charge, Huon alleged that beginning on July 1, 2007, he was treated less favorably because of his race (Asian), national origin (Cambodian), color (brown), and age (37), culminating with his termination on January 9, 2008. He further alleged that his termination was also in retaliation for complaining about the discriminatory treatment to a supervisor.

The EEOC issued Huon a right-to-sue letter on September 22, 2009, and Huon filed the instant suit on December 21, 2009, within the 90 days allowed under Title VII. *See* 42 U.S.C. § 2000e–5(f)(1). In Count I of his complaint, he alleges a claim of unlawful discrimination based on race and/or national origin in violation of Title VII, as well as a claim of unlawful discrimination based on race in the making and/or performance of a contract in violation of § 1981. In Count II, Huon alleges a claim of intentional interference with prospective economic advantage under Illinois law.

This court granted the defendants' motion to stay this case while a lawsuit Huon previously filed against Johnson & Bell, Rantis, and Beatty for defamation and intentional infliction of emotional distress proceeded in state court. However, the Seventh Circuit reversed the stay order. On remand, the defendants filed an answer to Huon's complaint along with an affirmative defense based on *res judicata*. Huon then filed a motion to strike the affirmative

defense and a motion for leave to file a proposed First Amended Complaint. The court addresses each motion in turn.

I.  **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [63-1]**

The proposed First Amended Complaint consists of the same two counts that are in the original complaint—race and/or national origin discrimination (Count I) and intentional interference with prospective economic advantage (Count II)—but adds new factual allegations. The new factual allegations fall into two categories: (1) allegations regarding his hiring, and (2) allegations about the terms and conditions of his employment leading up to his termination.

The allegations regarding his hiring are found in paragraphs 24-40. In paragraphs 24-33, Huon alleges that he was hired in 2003 "to create the perception of a diverse workplace" during the years that one of the firm's partners, H. Patrick Morris, served as the chairperson of the National Diversity Committee of the Defense Research Institute. Proposed First Amended Complaint (attached as Exhibit 1 to Motion for Leave [63-1]) ¶ 25. However, Huon alleges that the firm "had no intention of retaining these attorneys" and that the firm merely listed them "as second chair or third chair on files without actually assigning the attorneys any substantive work." *Id.* ¶ 30.

In paragraphs 34-40, Huon alleges that when he interviewed for his position in 2003, he met with the head of the business litigation department, but because of his race was instead hired by a different department where he was "relegated to . . . litigating premises liability and automobile accidents." *Id.* ¶ 40.

The new allegations regarding the terms of conditions of his employment are found in paragraphs 51-56. In those paragraphs, Huon alleges that after defendant Hoyne falsely told other partners that Huon had worked for Hoyne and was "incompetent," Huon was terminated

before being given a chance to respond to Hoyne's remarks. In contrast, Huon alleges, non-minority employees were given multiple opportunities to improve their performance before being terminated. Indeed, he alleges that two non-minority partners—one who engaged in "inappropriate behavior" with female associates, and another partner found to have "engaged in misconduct"—were never even disciplined for their alleged transgressions.

The defendants argue that Huon's motion for leave to amend should be denied because his proposed amendments are futile in several ways. First, they contend that Huon's proposed amendments which add details about his hiring are futile because (1) they fall outside the scope of the allegations in his EEOC charge, which they contend concern only an unlawful termination, and (2) they involve conduct that allegedly occurred (a) more than 300 days prior to the filing of his charge of discrimination with the EEOC, (b) more than 4 years before he filed his claim under 42 U.S.C. § 1981, and (c) before the earliest date of discrimination identified in his EEOC charge and are therefore outside the scope of the charge. Second, they argue that Huon's allegations that he was terminated without being given the chance to improve his performance also fall outside the scope of the allegations in his EEOC charge. Finally, they argue that the claims in the proposed First Amended Complaint against the individual defendants are futile because (1) Title VII claims may not be brought against individuals, and (2) Huon has failed to state a claim against them under § 1981.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be given freely "when justice so requires." Leave need not be granted in every case, however. *See Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Reasons to deny leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## A. Huon's Hiring

The defendants argue that Huon's proposed amendments regarding his hiring in 2003 would be futile for two reasons. First, they contend that the additional allegations are outside the scope of his EEOC charge. Second, they assert that any claim based on Huon's hiring in 2003 would be untimely because (a) his EEOC charge identified July 1, 2007, as when the discrimination began, and (b) the claim would be time-barred under both the 300-day limitations period for Title VII claims, as well as the 4-year limitations period for claims under § 1981.

### 1. Scope of Huon's EEOC Charge of Discrimination

A plaintiff cannot file claims under Title VII that were not first presented to the EEOC in a charge of discrimination. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). More specifically, an employee may not complain to the EEOC of only certain instances of discrimination and then attempt to seek relief in court for different or additional instances of discrimination. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). The limitation serves a dual purpose—it affords the EEOC and the employer an opportunity to settle the dispute outside of court, and it puts the employer on notice of the charges against it. *See id*.

However, a plaintiff need not allege in his EEOC charge every fact that forms the basis of each claim in his complaint. *See Cheek*, 31 F.3d at 500. Rather, the allegations brought in court need only be "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* (internal quotation marks and citations omitted). Allegations satisfy this requirement if (1) there is a reasonable relationship between the allegations in the charge and

the claims in the complaint, and (2) the claim in the complaint could be reasonably expected to grow out of an EEOC investigation of the allegation in the charge. *See id.* Allegations of a complaint are "like or reasonably related" to the allegations in an EEOC charge if there is a "factual relationship" between them. *Risk v. Ford Motor Co.*, 48 F. Supp. 2d 1135, 1145 (S.D. Ill. 1999) (*citing Cheek*, 431 F.3d at 501). A factual relationship can be found where the EEOC charge and the complaint involve the same conduct and implicate the same individuals. *Id.*

The defendants argue that Huon's allegations under Title VII regarding his hiring are not factually related to the allegations in his EEOC charge, which focuses on his termination. Their position is based on too narrow a view of the allegations in Huon's EEOC charge. In addition to allegations about the events surrounding his termination, Huon's EEOC charge alleged a history of disparate treatment. For instance, Huon alleged that while at Johnson & Bell, he was given secretarial and other non-attorney work assignments, such as retrieving files and scheduling depositions, while less-experienced non-minority employees were given more substantive assignments and promoted to partner. He also alleged that while at Johnson & Bell, he was expected to work weekends and to exceed his minimal billable hour requirements, while non-minority associates were not.

Those allegations of disparate treatment are similar to the proposed allegations about his hiring. Specifically, they are similar to Huon's allegations that Johnson & Bell hired him merely to create the perception of a diverse workplace, with no intention of retaining him or giving him the types of responsibilities given to associates who were eventually offered partnerships. Allegations that an employee was denied opportunities to advance that were extended to persons outside his protected class are relevant to a hostile work environment claim which, according to Huon's response brief, is one of his theories of discrimination. *See Brindley v. Target Corp.*, 761

F. Supp. 2d 801, 807 (N.D. Ill. 2011) (allegations of "different terms and conditions of employment, including, but not limited to, training opportunities, mentors, and wages" support a hostile work environment claim). In addition, the allegations in the EEOC charge of the allegedly unfavorable terms of his employment would also likely have led the EEOC to investigate the circumstances surrounding his hiring. *See id.* at 807 ("it is certainly likely that in investigating those assertions EEOC would have come to understand that the claimed continual deprivations could equate to a hostile work environment claim.").

Because the proposed allegations regarding Huon's hiring are factually similar to the conduct alleged in his EEOC charge, and because the EEOC would have likely learned of the conduct alleged in the proposed amended complaint while investigating whether Huon had been subjected to a hostile work environment, the proposed allegations are not futile and do not serve as a basis for denying Huon's motion for leave to amend his complaint.

### 2. Timeliness

Next, the defendants contend that even if the allegations in the proposed First Amended Complaint are within the scope of Huon's EEOC charge, the court should nevertheless deny the motion for leave because the conduct alleged occurred outside the time limits set by both Title VII and § 1981, and before the July 1, 2007, onset of discrimination as alleged in the EEOC charge. To be timely under Title VII, a charge of discrimination must be filed within 300 days after the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Claims under 42 U.S.C. § 1981 must be filed within four years of the allegedly discriminatory conduct. *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004).

Huon filed his charge of discrimination on July 7, 2008, and so any claims involving unlawful employment practices that occurred before September 11, 2007 (300 days earlier),

would be time-barred under Title VII. *See* 42 U.S.C. § 2000e-5(e)(1). Likewise, any claims involving unlawful employment practices that occurred before December 21, 2005, (4 years before he filed suit) would be time-barred under § 1981. *See Jones*, 541 U.S. at 382. According to the defendants, leave to add claims regarding Huon's hiring should be denied because any claim based on his hiring on December 1, 2003, would be time-barred under both Title VII and § 1981, and would exceed the period of discrimination described in the EEOC charge.

Again, the defendants view Huon's allegations too narrowly. Although the proposed First Amended Complaint alleges events that occurred outside the various time limits discussed above, Huon argues that his allegations advance not a failure to hire claim but, rather, a hostile work environment claim premised on the disparate treatment to which he was allegedly subjected throughout his employment. To prove a hostile work environment under Title VII, a plaintiff may rely on evidence that occurred outside the statutory time period in order to establish the entire scope of the hostile environment, as long as an act contributing to that environment occurred within the statutory time period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

In addition, evidence of acts that occurred outside the statutory time period may be admissible as background evidence of a practice that occurred during the statutory time period, even if a claim based solely on the earlier acts would be untimely. *Id.* The reasoning of *Morgan* applies equally to claims of race discrimination under § 1981. *See Scott v. Arrow Chevrolet, Inc.*, No. 01 CV 7489, 2004 WL 574675, at *11 (N.D. Ill. Mar. 23, 2004).

Thus, Huon is entitled to support his allegations of a hostile work environment during the relevant time period with evidence of acts that contributed to that environment outside that time period. *Id.* In addition, the proposed allegations serve as background evidence of timely claims,

even if they involve conduct that occurred outside the relevant time periods.  Accordingly, the proposed allegations are not futile, and are not a basis for denying Huon's motion for leave to amend.

### B. Terms of His Employment and Circumstances Surrounding His Termination

The proposed First Amended Complaint elaborates on the circumstances surrounding Huon's termination, including that (1) Huon was not allowed to respond to Hoyne's description of him as incompetent before being terminated, (2) non-minority employees were given multiple opportunities to improve their performance before being terminated, and (3) non-minority employees who engaged in inappropriate behavior or misconduct were never even disciplined, let alone terminated.  It also provides additional examples of ways in which he was allegedly treated less favorably than non-minority employees, such as requirements that he work weekends or in excess of his minimum billable hour requirement.  The defendants contend that Huon's motion for leave to add these allegations should be denied because the allegations are outside the scope of his EEOC charge.

As discussed above, the conduct alleged in a Title VII claim must fall within the scope of the conduct alleged in the plaintiff's EEOC charge, a requirement that is satisfied when there is a factual relationship between the allegations and when the EEOC would likely discover the allegations during an investigation.  *See Cheek*, 431 F.3d at 501.  The required factual relationship can be found between the allegations in Huon's EEOC charge and the proposed new allegations.  For instance, the proposed allegation that Huon was fired after Hoyne described him as being incompetent, and Huon's allegations in his EEOC charge that he was fired despite performing satisfactorily and as well as non-minority employees, are factually related because they all involve the purported reason for his termination.  Likewise, the proposed allegations that

he had to work weekends and beyond his minimum billable hour requirement are factually related to the allegations in his EEOC charge that he was given secretarial work rather than substantive work because both concern his allegation that he was subjected to less favorable terms and conditions than were non-minority employees. Because Huon alleged in his EEOC charge that he performed as satisfactorily as non-minority employees who were not terminated, and was treated less favorably when compared to non-minority employees, the additional details alleged in the proposed First Amended Complaint are factually related to the allegations in his EEOC charge and would likely have been discovered during the EEOC investigation.

In addition, as also discussed above, a Title VII plaintiff is not required in his EEOC charge to have alleged each and every fact that forms the basis of his complaint in his EEOC charge. *See id.* at 500. Huon's proposed First Amended Complaint simply elaborates upon the allegations of the EEOC charge by providing additional detail about the ways in which he contends he was subjected to different terms and conditions of employment and the circumstances surrounding his termination. His request to add those additional allegations is, therefore, not futile.

### C. Individual Liability Under Title VII and § 1981

Finally, the individual defendants argue that Huon should not be granted leave to assert claims against them under either Title VII or § 1981. Under Title VII, claims may be brought only against "an employer." 42 U.S.C. § 2000e-2(a)(1). Huon contends that claims against individuals may be brought based on "alter ego," *see Curcio v. Chinn Enters., Inc.*, 887 F. Supp. 190, 193-94 (N.D. Ill. 1995), or "official capacity," *see Santiago v. Lloyd*, 33 F. Supp. 2d 99, 102-05 (D.P.R. 1998), theories.

But the Seventh Circuit has rejected the applicability of the alter ego approach taken in *Curcio* as a means of establishing individual liability under Title VII. *See Worth v. Tyler*, 276 F.3d 249, 262 (7th Cir. 2001). And in *Santiago*, the case which Huon purports recognizes an official capacity theory of individual liability under Title VII, the court explicitly noted that its decision allowing individual claims under Title VII is at odds with Seventh Circuit precedent. *See Santiago*, 33 F. Supp. 2d at 104 n.5 ("The Court recognizes that the Seventh Circuit has essentially overruled the alter-ego theory . . . However, the Court is not bound by the Seventh Circuit decision . . .").

Furthermore, Huon may not bring a Title VII claim against Hoyne individually for the additional reason that he did not identify Hoyne in his EEOC charge. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126-27 (7th Cir. 1989) (a party not named in an EEOC charge cannot be later sued until Title VII).

As for the § 1981 claims against the individual defendants, the defendants contend that Huon has failed to state a claim because he has failed to allege each of the necessary elements. To prevail on a claim under § 1981, a plaintiff must show each of the following: (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the defendant's activities concerned the making, performance, modification, or termination of a contract, the enjoyment of the benefits of a contractual relationship, or the conditions of a contractual relationship. *See Jacobeit v. Rich Township High School Dist. 227*, 673 F. Supp. 2d 653, 660 (N.D. Ill. 2009).

Under federal notice pleading, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has repeatedly held that a plaintiff can allege employment discrimination quite generally,

even after the Supreme Court's refinement of the standards of notice pleading. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("Once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [sex], there is no further information that is both easy to provide and of clear critical importance to the claim") (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)). Thus, a claim of discrimination under § 1981 need not allege facts in support of each element, and is sufficient if it alleges that the employee was discriminated against because of his race. *See Williams v. Forest Preserve Dist. of Cook County*, No. 09 CV 7810, 2010 WL 3909475, at *1 (N.D. Ill. Oct. 1, 2010).

Huon has put the defendants on notice of the nature of the § 1981 claims against them individually by alleging that they each played a role in his termination on the basis of his race. Detailed allegations are not required under notice pleading and, therefore, the defendants have not identified any basis for denying Huon leave to include the individual §1981 claims in his proposed First Amended Complaint.

## II.     MOTION TO STRIKE AFFIRMATIVE DEFENSE [52-1]

Because the defendants shall be required to file an amended answer (or other responsive pleading) to Huon's First Amended Complaint once it is filed, Huon's motion to strike the affirmative defense of *res judicata* from the answer to the original complaint is denied as moot. *See Jones v. Countrywide Home Loans, Inc.*, No. 09 CV 4313, 2010 WL 551418, at *10 (N.D. Ill. Feb. 11, 2011) (dismissing as moot a motion to strike affirmative defenses given that the plaintiff was granted leave to file an amended complaint).

However, in anticipation that the defendants will assert the affirmative defense again in their answer to the amended complaint, the court shall briefly address Huon's argument for

striking the defense. Huon contends that the affirmative defense should be stricken under Federal Rules of Civil Procedure 12(f) because it fails to state a claim. A motion to strike under Rule 12(f) is treated similarly to a motion to dismiss under Rule 12(b)(6) in that neither a complaint nor an affirmative defense need contain detailed factual allegations. *See ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 CV 3222, 2009 WL 4679477, at *1 (N.D. Ill. Dec. 1, 2009). Rather, under notice pleading they are sufficient as long as they raise "above the speculative level" the party's right to relief or to invoke the defense, giving the opposing party fair notice of the nature of the claim or defense. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In their affirmative defense, the defendants assert that the doctrine of *res judicata* bars Huon's action before this court because he previously sued the same defendants in state court for claims arising out of the same core of operative facts. The affirmative defense also includes the caption and case number of that state court proceeding.

The doctrine of *res judicata* bars the litigation of issues that were either actually raised in a prior proceeding, or that could have been raised. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Under Illinois law, the doctrine of *res judicata* applies where (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of parties or their privies, and (3) there is an identity of causes of action. *See Dollie's Playhouse, Inc. v. Nable Excavating, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007). This court must apply the doctrine the same as if this suit had been filed in state court in Illinois. *See Hicks*, 479 F.3d at 471.

The defendants' allegations sufficiently alert Huon to the nature of their defense and raises above the speculative level the possibility that the doctrine of *res judicata* bars Huon's

- 13 -

claims because those claims could have been brought earlier along with his claims in state court. *See Hicks*, 479 F.3d at 471.  This is not to suggest that its defense will be successful but, rather, that it is adequately pleaded.

Accordingly, the affirmative defense is not subject to being stricken under Rule 12(f).

## CONCLUSION

To summarize, for the reasons stated above, Huon's motion for leave to file an amended complaint [63-1] is granted and Huon has leave to file an amended complaint that is consistent with this order; in particular, the amended complaint shall not include Title VII claims against the individual defendants.  The amended complaint shall be filed by June 5, 2012.  Failure to file the amended complaint by that date may result in this case being dismissed for want of prosecution.  The motion to strike the defendants' affirmative defense [52-1] is denied as moot given that Huon shall file an amended complaint.  A status hearing shall be held on June 28, 2012, at 11:00 a.m.

ENTER:

DATE:  May 23, 2012

Blanche M. Manning
United States District Judge